HOFFMAN, Plaintiff in error, v. STATE, Defendant in error.

*No. State 72. Submitted under sec. (Rule) 251.54 September 11, 1973.—Decided October 2, 1973.*

(Also reported in 210 N. W. 2d 770.)

For the plaintiff in error the cause was submitted on the brief of *David L. Walther* of Milwaukee.

For the defendant in error the cause was submitted on the brief of *Robert W. Warren*, attorney general, and *Michael R. Klos*, assistant attorney general.

PER CURIAM. In this case the plaintiff in error was committed to the Milwaukee County House of Correction for contempt of court for remarks made to Judge JOHN L. COFFEY during the defendant's arraignment on a burglary charge.

The court concludes the lower court did not abuse its discretion in finding the defendant in contempt. The remarks were directed to Judge COFFEY, were made in open court, and were clearly insolent and contemptuous and tended to impair the respect due the authority of the court.

The court further concludes that in the instant situation where the contempt occurred in the presence of the court and the defendant was immediately cited and

summarily punished, the traditional concept of due process was observed. As this court said in *Rubin v. State* (1927), 192 Wis. 1, 14, 211 N. W. 926:

"It may be conceded that this method of dealing with direct contempt is an anomaly in our law, which guarantees due process of law. However, it grows out of necessity and is deemed essential, in order to enable courts to preserve their existence and power to confer upon society the rights which they are instituted to protect."

The order is affirmed.